IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Wayne Wilks, | ) | Civil Action No. 4:18-cv-02578-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Andrew M. Saul, *Commissioner of* | ) | |
| *Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action arises from Plaintiff Randy Wayne Wilks' application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision because Plaintiff "has failed to show that the Commissioner's decision was not based on substantial evidence." (ECF No. 20 at 41.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 20) and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 20 at 1–26.) Plaintiff applied for DIB, claiming a disability onset date of June 7, 2013. (*Id.* at 1 (citing ECF No. 6-9 at 8).) In short, Plaintiff alleges disability "due to anxiety, panic disorder, depression, obsessive compulsive disorder, social anxiety disorder, dizziness, and body hurts all the time." (*Id.* at 2 (citing ECF No. 6-3 at 2–18).)

The Social Security Administration denied Plaintiff's initial application and the subsequent request for reconsideration. (*Id.* at 1.) Plaintiff appeared before an Administrative Law Judge

1

("ALJ") in August 2016 seeking a review of his application. (*Id.* at 1–2 (citing ECF No. 6-9 at 8–9).) Plaintiff amended his disability onset date to May 1, 2015. (*Id.*) Regardless, the ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB. (*Id.* at 1 (citing ECF No. 6-4 at 2–25).) Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council. (*Id.*) In February 2017, the Appeals Council granted his appeal and remanded the case to the ALJ. (*Id.* (citing ECF No. 6-4 at 26–30).)

In October 2017, Plaintiff appeared before an Administrative Law Judge ("ALJ") for the second time. (*Id.* at 2 (citing ECF No. 6-2 at 13–37).) Once again, the ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB. (*Id.* (citing ECF No. 6-2 at 10–12).) The Report provides the ALJ's findings of fact and conclusions of law, as follows:

> Claimant meets the insured status requirements of the Social Security Act through December 31, 2017.
>
> Claimant has not engaged in substantial gainful activity since May 1, 2015, the amended alleged onset date (20 C.F.R. § 404.1571, *et seq.*).
>
> Claimant has the following severe impairments: affective disorder/anxiety disorder, pseudo-dementia/dementia, chronic obstructive pulmonary disease (COPD), and degenerative disc disease of the cervical and lumbar spine (20 C.F.R. § 404.1520(c)).
>
> Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).
>
> After careful consideration of the entire record, I find that claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) with some non-exertional limitations. Specifically, claimant can lift and carry up to 50 pounds occasionally and 25 pounds frequently. He can sit, stand, and walk frequently. Claimant occasionally can climb ladders, ropes, and scaffolds. He frequently can climb ramps and stairs and balance. Claimant must avoid concentrated exposure to pulmonary irritants and hazards. He can perform and sustain simple, routine, repetitive tasks, but not at a production rate pace. He can make simple work-related decisions. He can have only occasional changes to the work setting.

Claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

Claimant was born on February 5, 1961, and was 51 years old, which is defined as an individual closely approaching advanced age, on the amended alleged disability onset date. Claimant subsequently changed age category to advanced age (20 C.F.R. § 404.1563).

Claimant has a limited education and is able to communicate in English (20 C.F.R. § 404.1564).

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferable job skills (S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569(a)).

Claimant has not been under a disability, as defined in the Social Security Act, May 1, 2015, through the date of this decision (20 C.F.R. § 404.1520(g)).

(*Id.* at 25–26 (citing ECF No. 6-2 at 13–37).) The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* at 2 (citing ECF No. 6-2 at 2–5).)

Plaintiff filed a Complaint on September 19, 2018. (ECF No. 1), and the Commissioner filed the administrative record on January 18, 2019. (ECF No. 6.) Plaintiff filed a brief on March 26, 2019, claiming that "the ALJ erred in his decision, and that reversal and remand are appropriate in this case." (ECF No. 20 at 26 (citing ECF No. 11).) Specifically, Plaintiff argues that: (1) "the ALJ failed to explain his [residual functional capacity ("RFC")] findings as required by S.S.R. 96-8p [by] failing to consider evidence that Plaintiff used a cane and regarding social interactions"; (2) "there was error in reliance on treatment notes of hospitalization stabilization with treatment and normal examination at time of discharge"; (3) "the ALJ failed to properly weigh Dr. [Travis A.] Novinger[, M.D.]'s opinion"; (4) the ALJ erred by failing to address an apparent conflict with the [Vocational Expert's] testimony

and the Dictionary of Occupational Titles ("DOT")." (*Id.*) In a two-page brief filed on May 6, 2019, the Commissioner generally opposed Plaintiff's claims. (ECF No. 14.) The Magistrate Judge issued a Report on January 28, 2020, recommending that this court affirm the Commissioner's final decision because "[Plaintiff] has failed to show that the Commissioner's decision was not based on substantial evidence." (ECF No. 20 at 41.) Plaintiff timely filed Objections to the Report on February 11, 2020 (ECF No. 22), and the Commissioner filed a Reply generally contesting Plaintiff's Objections on February 25, 2020 (ECF No. 25).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the

4

Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

## III. DISCUSSION

### A. Plaintiff's First Objection

Plaintiff objects and asserts that the ALJ failed to properly explain the RFC. (ECF No. 22 at 1.) First, Plaintiff claims that the Magistrate Judge erred in citing to medical records relating to his *cognitive* issues in support of the findings related to Plaintiff's use of a cane. (*Id.* (citing ECF Nos. 20 at 31–32; 6-10 at 34–35) (emphasis added).) He also "maintains the ALJ's error is not a harmless error as the only physician who assessed [Plaintiffs'] physical limitations indicated that a cane was necessary for ambulation" and that "[t]he ALJ's failure to explain why she omitted discussion of this finding and instead relied on treatment notes about [his] cognitive problems requires remand." (*Id.* at 2.) Additionally, Plaintiff contends that "the ALJ failed to properly consider [his] inability to interact with others[.]" (*Id.* (citing ECF Nos. 11 at 16–20; 20 at 33), and "[i]n short, the ALJ cherry picked evidence from the exhibits and remand is necessary to further analyze [his] limitations in social interaction." (*Id.*)

### B. Plaintiff's Second Objection

Plaintiff also objects and contends that the ALJ erred in finding that "there was no objective testing to support Dr. Novinger's opinion that [Plaintiff] had advanced dementia." (*Id.* at 6.) Specifically, "medical records drafted by Dr. Novinger noted that dementia was present and there was no improvement in his dementia." (*Id.* (citing ECF No. 6-11 at 38, 40).) "Despite the ALJ's claims that Dr. Novinger's treatment notes showed [Plaintiff] had no mental exam abnormalities, Dr. Novinger repeatedly diagnosed [Plaintiff] with dementia and prescribed medications for it. His opinion is supported by Dr. [Mark A.] Lencke[, M.D.]'s findings that [Plaintiff] was inattentive

and lethargic with depressed affect and impaired attention, concentration, and short-term memory." (*Id.* at 6–7 (citing ECF No. 6-11 at 45).)

    C. <u>The Court's Review</u>

The Commissioner contends that "Plaintiff's Objections present the same arguments previously raised in his initial brief." (ECF No. 25 at 1.) The court notes that the scope of judicial review is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971). Rather, the court must uphold the Commissioner's decision if it is supported by "substantial evidence," which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401. If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Accordingly, the court finds that the Magistrate Judge's recommendation is correct and provides its reasoning below.

    1. *RFC – Cane*

The Report provides that "[t]he ALJ has supported the RFC with substantial evidence and reasonable explanation." (ECF No. 20 at 34.) The court is unpersuaded by Plaintiff's claim that an alternative interpretation of the conflicting evidence would lead to a different outcome; such a review is beyond the scope of this court. *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996.) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court.") Indeed, the relevant medical records show that Plaintiff's use of a cane falls outside the purview

of the requirements in the Act and there is no evidence to indicate that he relies on a cane to move. (ECF Nos. 6-10 at 2–16, 43–48, 52–71, 76–87, 90; 6-11 at 26–31, 35–42, 48–50, 91–93; 6-12 at 2–4).) Accordingly, the court finds that Plaintiff's objection regarding the cane has been sufficiently analyzed by the Magistrate Judge and that remand is unwarranted.

2. *RFC – Social*

In regard to the social impairment assessment, the Magistrate Judge states that "Plaintiff takes issue with the ALJ's note that unskilled work involves primarily dealing with objects rather than people and cited S.S.R. 85-15," which explains that "[t]hese jobs ordinarily involve dealing primarily with objects, rather than with data or people, and they generally provide substantial vocational opportunity for persons with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis." (ECF No. 20 at 33 (citing S.S.R. 85-15, 1985 WL 56857).)

Here, the court finds that the ALJ relied on an array of medical records to formulate the mental limitations in Plaintiff's RFC. The Report provides the following excerpt of the ALJ's reasoning:

> With regard to claimant's severe impairments of affective disorder/anxiety disorder and pseudodementia/dementia, I find that claimant is limited to performing and sustaining simple, routine, repetitive tasks, but not at a production rate pace; that he can make simple work-related decisions; and that he can have only occasional changes to the work setting. In so finding, I have considered the above referenced diagnoses relating to claimant's affective disorder/anxiety disorder and pseudo-dementia/dementia. The evidence, however, does not support more extensive mental limitations. In particular, as discussed above, primary care treatment records throughout the period at issue generally do not document abnormal mental status findings, relating either to claimant's cognitive impairment or to his affective disorder/anxiety disorder. [] The evidence also does not contain treatment notes from claimant's counselor, Ms. White. Claimant has had two inpatient psychiatric hospitalizations, but treatment notes associated with these hospitalizations indicate that claimant stabilized with treatment and had unremarkable mental status examinations at the time of discharge. []

7

(*Id.* at 34 (citing Tr. 24) (internal citations omitted).)

As such, the court finds that the ALJ's assessment is based on substantial evidence and offers a reasonable explanation in regard to the RFC determination. *See Felton-Miller v. Astrue*, 459 Fed. App'x. 226, 230–31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)). Consequently, the court finds that the Magistrate Judge's conclusion on the issue of Plaintiff's social limitations is without error.

### 3. *Treating Physician's Opinion*

Finally, the Magistrate Judge addressed Plaintiff's claim that "the ALJ failed to properly weigh medical opinions in regard to Dr. Novinger." (ECF No. 20 at 35.) Specifically, "[Plaintiff] argued the ALJ erred in finding there was no objective testing to support Dr. Novinger's opinion that [he] 'has advanced dementia and is permanently and totally disabled.'" (*Id.* at 10.)

Here, Plaintiff cites conflicting medical records to support his claim that there is an inadequate explanation for the ALJ's determination as to this issue:

> The Magistrate Judge states that the ALJ properly gave little weight to Dr. Novinger's opinion because it was a matter reserved to the Commissioner and that the opinion of Dr. Novinger was inconsistent with the primary care treatment notes, citing the same evidence that was discussed previously []. However, those same records show Dr. Novinger also noted that 'dementia was present' [] and while there was no improvement in his dementia. [] The other records cited by the Magistrate Judge include references to good eye contact, but the Magistrate Judge fails to explain how this translates into a finding that Wilks had no cognitive issues, especially considering the cognitive issues recognized by Dr. Novinger and the neurologist []. Despite the ALJ's claims that Dr. Novinger's treatment notes showed Wilks had no mental exam abnormalities, Dr. Novinger repeatedly diagnosed Wilks with dementia and prescribed medications for it. His opinion is supported by Dr. Lencke's findings that Wilks was inattentive and lethargic with depressed affect and impaired attention, concentration, and short-term memory []. The Magistrate Judge's conclusion that the ALJ considered the consistency and supportability factors of 20 C.F.R. §404.1527(c) is not supported by the record and the ALJ's decision.

8

(ECF No. 22 at 6–7 (citing ECF No. 6-11 at 38, 40, 45) (internal citations omitted).) However, the court must reiterate that "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Chater*, 99 F.3d at 638. Moreover, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585,590 (4th Cir. 1996). "[T]he ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). The court finds that the Magistrate Judge did not err in concluding that the ALJ's assessment is supported by substantial evidence. On the contrary, the Report contains a thorough background of Plaintiff's medical records, which spans from 2014 to 2017. (ECF No. 20 at 2–20.)

Furthermore, as the Commissioner correctly points out, "the ALJ properly considered and discussed the September 2015 letter of opinions of Dr. Novinger, in which he stated that Plaintiff had advanced dementia and was permanently disabled . . . [and] explained that he gave little weight to Dr. Novinger's opinion." (ECF No. 14 at 13 (citing ECF Nos. 6-2 at 27; 6-11 at 32).) However, "the opinion of Dr. Novinger was inconsistent with the primary care treatment notes, which do not regularly document significant abnormal cognitive findings." (*Id.* (citing 6-2 at 27).) The record shows that Dr. Novinger's 2015 opinion is inconsistent with his evaluation in 2016, and similarly inconsistent with Dr. Lencke's 2016 assessment. (ECF No. 6-11 at 35–47.) Moreover, "treatment notes indicate that Plaintiff improved with treatment. Primary care treatment records generally did not document abnormal mental status findings related to Plaintiff's cognitive impairment or to his affective disorder/anxiety disorder." (ECF No. 14 at 13 (citing ECF Nos. 6-2 at 25; 6-10 at 76–87; 6-11 at 26–31; 35–42, 48–50, 91–93; 6-12 at 15–20).) In its review, the court does not reweigh

conflicting medical records; a task that is exclusively reserved for the ALJ. Thus, there is no basis for which the court can remand this action regarding the issue of a treating physician's opinion.

## IV. CONCLUSION

Plaintiff's Objections seem to request a reevaluation of the record and evidence. However, as the Magistrate Judge correctly pointed out, "all that is required by the ALJ is that substantial evidence supports the ALJ's findings." (ECF No. 20 at 33.) Under a substantial evidence review, the court does not reweigh conflicting evidence. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Therefore, for the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 20) and **AFFIRMS** the final decision of the Commissioner.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 3, 2020
Columbia, South Carolina